# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

| | | |
|---|---|---|
| CITY OF BIRMINGHAM RETIREMENT AND RELIEF SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:19-CV-01198-LA |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| A. O. SMITH CORPORATION, AJITA RAJENDRA, KEVIN WHEELER, and JOHN KITA, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CONSIDER DOCUMENTS UNDER THE INCORPORATION-BY-REFERENCE DOCTRINE OR BY JUDICIAL NOTICE

Date: January 24, 2020

FOLEY & LARDNER LLP
Bryan B. House, WI Bar No. 1022054
Andrew J. Wronski, WI Bar No. 1024029
Nathan D. Imfeld, WI Bar No. 1092934
777 East Wisconsin Street
Milwaukee, WI 53202
Telephone: (414) 271-2400
Facsimile: (414) 297-4900
bhouse@foley.com
awronski@foley.com
nimfeld@foley.com

LATHAM & WATKINS LLP
Sean M. Berkowitz (6209701 IL)
Nicholas J. Siciliano (6287387 IL)
Kathryn K. George (6306004 IL)
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
sean.berkowitz@lw.com
nicholas.siciliano@lw.com
kathryn.george@lw.com

*Attorneys for Defendants A. O. Smith Corporation, Ajita Rajendra, Kevin Wheeler, and John Kita*

# **TABLE OF CONTENTS**

Page

I.      INTRODUCTION ..........................................................................................................1

II.     ARGUMENT................................................................................................................1

    A.      All Exhibits Are Incorporated by Reference in the CC ...........................................1

    B.      The Exhibits, and the Tables Summarizing Information Derived From the Exhibits, Are Subject to Judicial Notice ................................................................2

III.    CONCLUSION................................................................................................................3

i

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Constr. Workers Pension Fund v. Navistar Int'l Corp.*,
114 F. Supp. 3d 633 (N.D. Ill. 2015) ......................................................................... 2

*Garden City Emps.' Ret. Sys. v. Anixter Int'l, Inc.*,
2011 WL 1303387 (N.D. Ill. Mar. 31, 2011) ......................................................... 2, 3

*Geinosky v. City of Chicago*,
675 F.3d 743 (7th Cir. 2012) ..................................................................................... 1

*In re Midway Games, Inc. Sec. Litig.*,
332 F. Supp. 2d 1152 (N.D. Ill. 2015) ....................................................................... 3

*In re Netflix, Inc. Sec. Litig.*,
2005 WL 1562858 (N.D. Cal. June 28, 2005) ........................................................... 2

*Menominee Indian Tribe v. Thompson*,
161 F.3d 449 (7th Cir. 1998) ..................................................................................... 1

*Menominee Indian Tribe v. U.S. Dep't of Interior*,
2010 WL 4628916 (E.D. Wis. Nov. 4, 2010) ............................................................ 3

*Okla. Firefighters Pension & Ret. Sys. v. Ixia*,
2015 WL 1775221 (C.D. Cal. Apr. 14, 2015) ............................................................ 2

*Riggs Partners, LLC. v. Hub Grp., Inc.*,
2002 WL 31415721 (N.D. Ill. Oct. 25, 2002) ........................................................... 3

*SEC v. Ustian*,
229 F. Supp. 3d 739 (N.D. Ill. 2017) ......................................................................... 3

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
551 U.S. 308 (2007) ................................................................................................... 1

*Tierney v. Vahle*,
304 F.3d 734 (7th Cir. 2002) .................................................................................. 1, 2

*Waterford Twp. Police v. Mattel, Inc.*,
321 F. Supp. 3d 1133 (C.D. Cal. 2018) ..................................................................... 3

## RULES

Fed. R. Evid. 1006 ........................................................................................................... 3

Fed. R. Evid. 201(b)(2) ................................................................................................ 1, 2

## I.    INTRODUCTION

In ruling on a motion to dismiss a complaint brought under the federal securities laws, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also, e.g.*, *Geinosky v. City of Chicago,* 675 F.3d 743, 745 n.1 (7th Cir. 2012) (when ruling on a motion to dismiss, courts consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice").

The incorporation-by-reference doctrine allows the Court to consider documents referenced in Plaintiff's Consolidated Complaint (the "CC")—even if they are not physically attached to the pleading. *See Tellabs*, 551 U.S. at 322; *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002). Under Federal Rule of Evidence 201(b)(2), the Court also may take judicial notice of any fact that is "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Documents that are subject to judicial notice may be considered "without converting a motion to dismiss into a motion for summary judgment." *Menominee Indian Tribe v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998). The exhibits submitted as part of the Motion to Dismiss are incorporated by reference into the CC, are subject to judicial notice, or both.

## II.    ARGUMENT

### A.    <u>All Exhibits Are Incorporated by Reference in the CC</u>

Plaintiff alleges that Defendants made approximately seventy misstatements in SEC filings, press releases, earnings-call transcripts, and analyst presentations. *See generally* CC ¶¶ 103-43. Because these materials (Exs. 1-32, 34, 36)—along with the two short-seller reports upon

1

which Plaintiff relies (Exs. 33, 35)—are "central to [Plaintiff's] claims" and are "referenced in" the CC, the Court may consider them in ruling on AOS's Motion to Dismiss. *Constr. Workers Pension Fund v. Navistar Int'l Corp.*, 114 F. Supp. 3d 633, 646 n.7 (N.D. Ill. 2015); *see also, e.g.*, *Tierney*, 304 F.3d at 738 (without incorporation by reference, "the plaintiff could evade dismissal under Rule 12(b)(6) simply by failing to attach to his complaint a document that proved that his claim had no merit.").

In addition, Plaintiff argues that the Individual Defendants' Class-Period and pre-Class Period stock sales support an inference of scienter. CC ¶ 157. Although not explicitly quoted in the CC, the Forms 4 and proxy materials (Exs. 37-44) are "'the only source' of insider trading data available" to Plaintiff when drafting the CC, which means they have been incorporated by reference. *See Okla. Firefighters Pension & Ret. Sys. & Okla. Law Enforcement Ret. Sys. v. IXIA*, 2015 WL 1775221, at *15 (C.D. Cal. Apr. 14, 2015) (Forms 4 incorporated by reference due to plaintiffs' stock sales allegations); *Garden City Emps.' Ret. Sys. v. Anixter Int'l, Inc.*, 2011 WL 1303387, at *10 (N.D. Ill. Mar. 31, 2011) (Forms 4, summary tables, and charts incorporated by reference when plaintiffs alleged scienter based on defendants' stock sales); *In re Netflix, Inc. Sec. Litig.*, 2005 WL 1562858, at *5 (N.D. Cal. June 28, 2005) (considering pre-class period SEC filings to assess whether defendants' stock sales were consistent with prior trading).

### B. The Exhibits, and the Tables Summarizing Information Derived From the Exhibits, Are Subject to Judicial Notice

Even if AOS's SEC filings, press releases, earnings-call transcripts, analyst presentations, and the Forms 4 and proxy materials were not incorporated by reference (they were), judicial notice of these materials is proper under Federal Rule of Evidence 201(b)(2). *See* Exs. 1-32, 34, 36-44. Courts routinely take judicial notice of these materials in considering motions to dismiss securities class action complaints. *See, e.g.*, *Waterford Twp. Police v. Mattel, Inc.*, 321 F. Supp.

2

3d 1133, 1143 (C.D. Cal. 2018) (taking judicial notice of analyst presentation); *In re Midway Games, Inc. Sec. Litig.,* 332 F. Supp. 2d 1152, 1155 n.1 (N.D. Ill. 2015) (considering conference-call transcripts submitted with defendants' motion to dismiss); *Anixter*, 2011 WL 1303387, at *11-13 (because Forms 4 "are public documents" courts may take judicial notice of their existence); *Menominee Indian Tribe v. U.S. Dep't of Interior*, 2010 WL 4628916, at *4 & n.3 (E.D. Wis. Nov. 4, 2010) (taking judicial notice of a press release); *Riggs Partners, LLC. v. Hub Grp., Inc.*, 2002 WL 31415721, at *1 (N.D. Ill. Oct. 25, 2002) (explaining that "the court may take judicial notice of documents filed with the SEC for the purpose of showing what statements the documents contain").

Further, the tables in paragraphs 46-49 of the George Declaration also are judicially noticeable because they compile information from the Forms 4 and proxy statements that underlie Plaintiff's scienter allegations and are incorporated by reference. *SEC v. Ustian*, 229 F. Supp. 3d 739, 763-64 (N.D. Ill. 2017) ("Because defendants have submitted the underlying documents for consideration, the court declines to disregard the summaries, tables and charts"); *Anixter,* 2011 WL 1303387, at *10 (considering tables and charts of Forms 4 stock sales); *see also* Fed. R. Evid. 1006 (The "content of voluminous writings . . . that cannot be conveniently examined in court" may be presented in the form of a "summary, chart, or calculation.").

## III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider all documents, tables, and calculations attached to and contained in the George Declaration when adjudicating Defendants' Motion to Dismiss.

3

Date: January 24, 2020

Respectfully submitted,

*/s/ Sean M. Berkowitz*
Sean M. Berkowitz (6209701 IL)
Nicholas J. Siciliano (6287387 IL)
Kathryn K. George (6306004 IL)
LATHAM & WATKINS LLP
sean.berkowitz@lw.com
nicholas.siciliano@lw.com
kathryn.george@lw.com
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767

FOLEY & LARDNER LLP
Bryan B. House, WI Bar No. 1022054
Andrew J. Wronski, WI Bar No. 1024029
Nathan D. Imfeld, WI Bar No. 1092934
777 East Wisconsin Street
Milwaukee, WI 53202
Telephone: (414) 271-2400
Facsimile: (414) 297-4900
bhouse@foley.com
awronski@foley.com
nimfeld@foley.com

*Attorneys for Defendants A. O. Smith Corporation, Ajita Rajendra, Kevin Wheeler, and John Kita*

4