UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| CITY OF BIRMINGHAM RETIREMENT AND RELIEF SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>           Plaintiff,<br>   v.<br><br>A. O. SMITH CORPORATION, AJITA RAJENDRA, KEVIN WHEELER, and JOHN KITA,<br><br>           Defendants. | Case No. 2:19-cv-01198-LA<br><br>CLASS ACTION<br><br>Jury Trial Demanded |

**LEAD PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO CONSIDER DOCUMENTS UNDER THE INCORPORATION-BY-REFERENCE DOCTRINE OR BY JUDICIAL NOTICE**

# **TABLE OF CONTENTS**

I.  INTRODUCTION ........................................................................................................ 1

II.  ARGUMENT ............................................................................................................. 3

    A.  Exhibits 37 To 44 And Charts Created By Counsel Are Not Subject To Judicial Notice ........................................................................................... 3

        1.  Judicial Notice Is A "Narrow Exception" That Merits Caution .................... 3

        2.  The Court Should Reject Defendants' Request To Judicially Notice Purported Stock Transactions And Analyses That Are Outside Of The Complaint And Contain Factual Errors .............................. 3

    B.  The Court Should Reject Defendants' Request To Incorporate By Reference Exhibits 37 To 44 ......................................................................... 8

III.  CONCLUSION ....................................................................................................... 10

i

**Page(s)**

**Cases**

*188 LLC v. Trinity Indus., Inc.*,
300 F.3d 730 (7th Cir. 2002) ........................................................................................ 8

*Blacher v. Vill. of Dolton*,
2019 WL 1584552 (N.D. Ill. Apr. 12, 2019) ................................................................. 5

*City of Sterling Heights Gen. Emps.' Ret. Sys. v. Hospira, Inc.*,
2013 WL 566805 (N.D. Ill. Feb. 13, 2013) ............................................................ 4, 5, 9

*City of Sterling Heights Police & Fire Ret. Sys. v. Kohl's Corp.*,
2015 WL 1478565 (E.D. Wis. Mar. 31, 2015) .......................................................... 5, 9

*Garden City Emps. Ret. Sys. v. Anixter Int'l, Inc.*,
2011 WL 1303387 (N.D. Ill. Mar. 31, 2011) ................................................................ 8

*Gavin v. AT & T Corp.*,
2004 WL 2260632 (N.D. Ill. Sept. 30, 2004) ............................................................... 9

*Hagan v. Khoja*,
__U.S. __, 139 S. Ct. 2615 (2019) ............................................................................... 1

*Hennessy v. Penril Datacomm Networks, Inc.*,
69 F.3d 1344 (7th Cir. 1995) ........................................................................................ 1

*In re EVCI Colleges Holding Corp. Sec. Litig.*,
469 F. Supp. 2d 88 (S.D.N.Y. 2006) ............................................................................ 6

*In re Oxford Health Plans, Inc.*,
187 F.R.D. 133 (S.D.N.Y. 1999) ............................................................................... 6, 7

*In re Shopko Sec. Litig.*,
2002 WL 32003318 (E.D. Wis. Nov. 5, 2002) .......................................................... 1, 5

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018) ............................................................................... *passim*

*Lease Resolution Corp.*,
128 F.3d 1074 (7th Cir. 1997) ............................................................................... 3, 4, 5

*Levenstein v. Salafsky*,
164 F.3d 345 (7th Cir. 1998) ........................................................................................ 8

Case 2:19-cv-01198-LA    Filed 04/03/20    Page 3 of 16    Document 31

*Menominee Indian Tribe v. U.S. Dep't of Interior*,
   2010 WL 4628916 (E.D. Wis. Nov. 4, 2010) ................................................................................. 8

*My Health, Inc. v. Gen. Elec. Co.*,
   2015 WL 9474293 (W.D. Wis. Dec. 28, 2015) ............................................................................ 9

*Riggs Partners, LLC. v. Hub Grp., Inc.*,
   2002 WL 31415721 (N.D. Ill. Oct. 25, 2002) ............................................................................. 8

*SEC v. Ustian*,
   229 F. Supp. 3d 739 (N.D. Ill. 2017) .......................................................................................... 8

*United States v. Arroyo*,
   310 F. App'x 928 (7th Cir. 2009) ................................................................................................ 3

*Waterford Twp. Police v. Mattel, Inc.*,
   321 F. Supp. 3d 1133 (C.D. Cal. 2018) ....................................................................................... 8

**Rules**

Fed. R. Evid. 201 .............................................................................................................................. 3, 5

Case 2:19-cv-01198-LA     Filed 04/03/20     Page 4 of 16     Document 31

Lead Plaintiff respectfully submits this Memorandum of Law in Opposition to Defendants' Motion to Consider Documents Under the Incorporation-By-Reference Doctrine or By Judicial Notice (the "Motion"; ECF Nos. 26, 27).[1]

## I.  INTRODUCTION

Defendants request that the Court "consider" 36 documents that are referenced in the Complaint or that purport to be transcriptions of events referenced in the Complaint (Exhibits 1 to 36), as well as 8 additional documents that are not referenced in the Complaint (Exhibits 37 to 44) and a series of charts and other factual assertions that Defendants' attorneys created and that purport to represent "facts" in this case (*see* George Declaration ¶¶46-49).  Lead Plaintiff objects to the Motion in part.

Lead Plaintiff does not oppose Defendants' request that the Court consider Exhibits 1 to 36, which the Complaint references.  However, these documents may be considered only for the limited purpose of recognizing the existence of the documents at the pleading stage, not for the truth of the matters asserted therein or to contradict allegations in the Complaint.  *See Hennessy v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344, 1354-55 (7th Cir. 1995) (affirming district court's refusal to take judicial notice of the truth of facts stated in defendant's Form 10-K filed with the SEC); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999, 1003 (9th Cir. 2018) ("a court cannot take judicial notice of disputed facts contained in such public records" and it is "improper" to use incorporated documents to "dispute facts stated in a well-pleaded complaint"), *cert. denied*, *Hagan v. Khoja*, __U.S. __, 139 S. Ct. 2615 (2019); *In re Shopko Sec. Litig.*, 2002 WL 32003318, at *2 (E.D. Wis.

---

[1] All defined terms used herein have the same meanings as in the Complaint (ECF No. 21).  All emphasis in quoted material is added, and all internal punctuation and citations are omitted, unless otherwise noted.  All "Exhibit" references herein are to the Exhibits to the Declaration of Kathryn K. George in Support of Defendants' Motion to Dismiss [the] Consolidated Complaint (ECF No. 25) ("George Declaration").

Nov. 5, 2002) (refusing take judicial notice of SEC filings where defendants submitted the documents "for the truth of the disclosures contained therein").

Lead Plaintiff does, however, oppose Defendants' requests that the Court (i) take judicial notice of paragraphs 46 to 49 of the George Declaration, which contain a series of attorney-created charts and other information purportedly derived from Defendants' own prior statements about their stock trading; and (ii) take judicial notice of (or alternatively, incorporate by reference) Exhibits 37 to 44, a series of Forms 4 and proxy statements that, like Defendants' attorneys' assertions, are outside of the Complaint. Defendants are offering these documents for the express, improper purpose of relying on the truth of the facts asserted therein to prematurely raise fact disputes regarding Defendants' highly suspicious insider trading. Significantly, Defendants' charts prepared for this litigation (*see* George Declaration ¶¶46-49) contain errors and misleading characterizations of Defendants' own submitted "facts." In addition, certain of Defendants' Forms 4 themselves contain factual errors, further undercutting the veracity of Defendants' derivative charts. The information provided in the submitted charts, proxy statements, and Forms 4 raise discrete fact questions concerning Defendants' stock trading that are outside of the Complaint, disputed, and inappropriate for resolution at the pleading stage.

Defendants' request that the Court assume the truth of the "facts" in their submissions is a prime example of what the Ninth Circuit Court of Appeals recently warned was a "concerning pattern in securities cases like this one," where Defendants attempt to "exploit[] [judicial notice] procedures improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Khoja*, 899 F.3d at 998. "If defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true—it becomes near

2

impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief." *Id.* at 999.

## II.    ARGUMENT

### A.    Exhibits 37 To 44 And Charts Created By Counsel Are Not Subject To Judicial Notice

#### 1.    Judicial Notice Is A "Narrow Exception" That Merits Caution

Judicial notice is only appropriate for facts that are either "(1) generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  The judicial notice doctrine "authorizes the finder of fact to waive proof of facts that cannot reasonably be contested." *United States v. Arroyo*, 310 F. App'x 928, 929 (7th Cir. 2009) (citing Fed. R. Evid. 201).  Thus, the Seventh Circuit has long described the judicial notice doctrine as a "narrow exception" to the rule against considering facts outside of the pleadings on a Rule 12(b)(6) motion.  *Gen. Elec. Cap. Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997).

The Seventh Circuit has warned that judicial notice "merits the traditional caution it is given," and that "courts should strictly adhere to the criteria established by the Federal Rules of Evidence before taking judicial notice of pertinent facts" because "the effect of taking judicial notice under Rule 201 is to preclude a party from introducing contrary evidence and, in effect, directing a verdict against him as to the fact noticed," which "raises doubt as to whether the parties received a fair hearing." *Id.* at 1081, 1083.

#### 2.    The Court Should Reject Defendants' Request To Judicially Notice Purported Stock Transactions And Analyses That Are Outside Of The Complaint And Contain Factual Errors

Defendants ask the Court to take judicial notice of Exhibits 37 to 44 (ECF Nos. 25-37 to 25-44), a series of proxy statements and Forms 4 purportedly containing information relating to the

3

Individual Defendants' transactions in AOS common stock; and (ii) a series of charts that Defendants assert are "compiled from" Exhibits 37 to 44 (George Declaration ¶¶46-49). Defendants' intent in seeking judicial notice is clear: they are asking the Court to assume and rely on the truth of the facts asserted therein to sketch an improper (and erroneous) counternarrative to Plaintiff's well-pled allegations regarding Defendants' insider trading. *See* Complaint ¶157. As detailed in the Complaint, the Individual Defendants sold over $12 million in AOS stock while making a series of misrepresentations to investors. *Id.*

The Court should not take judicial notice of Exhibits 37 to 44 and the charts in the George Declaration. The *Hospira* case, which declined to take judicial notice of similar documents in identical circumstances, is directly on point—and conspicuously absent from Defendants' brief. *City of Sterling Heights Gen. Emps.' Ret. Sys. v. Hospira, Inc.*, 2013 WL 566805, at *11 (N.D. Ill. Feb. 13, 2013). In *Hospira*, as here, Defendants sought judicial notice of proxy statements and Forms 4 that purported to show the defendants' stock holdings, along with a "stock transaction chart" that, like here, purported to "summarize[] information" from the proxy statements and Forms 4. *Id.* at *12-13, 15. As here, the *Hospira* defendants submitted these documents in an attempt to rebut the plaintiffs' scienter allegations. *Id.* at *12.

The court refused to take judicial notice of the proxy statements. *Id.* at *11-12. After reviewing caselaw from the Seventh, Second, Third, Fifth, and Eleventh Circuits, along with various district courts within the Seventh Circuit, the *Hospira* court held as follows:

> The Court agrees with the holdings of these cases. Here, in arguing that Plaintiffs have not made a sufficient showing of scienter based upon Begley's and Werner's stock sales, Defendants ask the Court to take judicial notice not only of the fact that the proxy statements contain certain sales data for Begley and Werner, ***but the truth of that sales data. Otherwise, such information would not be relevant to the issue of scienter***.

*Id.* at *12. The court made clear that "the same reasoning" applied to Defendants' submission of

Forms 4 because "Defendants cite to the [Forms 4] not to show which statements they contain, but for the purpose of demonstrating that the Defendants bought or sold a particular amount of stock during the Class Period." *Id*. at *12-13.

Finally, the *Hospira* court refused to take judicial notice of a "stock transaction chart" that, like the charts found in paragraphs 46 to 49 of the George Declaration here, attempted to prove certain levels of stock trading at certain times. *Hospira*, 2013 WL 566805, at *15. The court concluded that "[a]s the Court has already declined to take judicial notice of the contents of [the proxy statements], it will not do so for the summary of such exhibits." *Id*.

The *Hospira* court's conclusion is on all fours with the jurisprudence of this Court and numerous other courts in the Seventh Circuit and nationwide. *See Shopko*, 2002 WL 32003318, at *2 (refusing to take judicial notice of SEC filings where defendants submitted the documents "for the truth of the disclosures contained therein"); *see also, e.g.*, *City of Sterling Heights Police & Fire Ret. Sys. v. Kohl's Corp.*, 2015 WL 1478565, at *4-5 (E.D. Wis. Mar. 31, 2015) (refusing to take judicial notice of proxy statements, Forms 4, and summary charts created by defendants to show stock ownership of individual defendants and noting that "[t]he court cannot be confident that errors did not occur in summarizing the information or that the summaries include all information the plaintiffs or the court would find pertinent").

Taking judicial notice of the charts in paragraphs 46 to 49 of the George Declaration would be particularly inappropriate here because they misstate even the Forms 4 and other documents on which Defendants attempt to rely (certain of which themselves contain factual inaccuracies), and also misleadingly omit important information. *Gen. Elec.*, 128 F.3d at 1084 (error for district court to rely on document for "the truth of facts asserted therein without previously establishing why it is a source 'whose accuracy cannot reasonably be questioned.'") (citing Fed. R. Evid. 201(b)(2)); *Blacher v. Vill.*

*of Dolton*, 2019 WL 1584552, at \*2 (N.D. Ill. Apr. 12, 2019) (information "which is unauthenticated in any event, is essentially *defendants'* version of the relevant facts and thus is not appropriately considered") (emphasis in original).

For example, the chart in paragraph 47 of the George Declaration misclassifies a February 18, 2015 transaction of 4,709 shares by Defendant Kita as "shares sold" instead of a "withholding" even though the associated Form 4 states that the shares were for "withholding taxes." *Compare* George Declaration ¶47, *with* ECF No. 25-42 at 4-5. When compared with the Form 4, this erroneous reclassification has the effect of artificially inflating Defendant Kita's pre-Class Period sales as compared to his Class Period sales (and thus, in Defendants' view, casting Kita's Class Period transactions in a better light). Defendants also made the same type of erroneous reclassification of 9,945 shares disposed of by Defendant Rajendra before the Class Period, again artificially inflating his pre-Class Period sales as compared to his Class Period sales. *Compare* George Declaration ¶48, *with* ECF No. 25-43 at 10-11.

There are further problems with Defendants' submitted charts. The charts in paragraphs 46 to 49 of the George Declaration are misleading because they classify vested employee stock options to purchase shares of common stock as "holdings" when, in fact, such options do not signify actual holdings of AOS shares. *In re EVCI Colleges Holding Corp. Sec. Litig.*, 469 F. Supp. 2d 88, 100 (S.D.N.Y. 2006) ("vested but unexercised options are not shareholdings"); *In re Oxford Health Plans, Inc.*, 187 F.R.D. 133, 140 (S.D.N.Y. 1999) ("vested options are not shares"). Further confounding Defendants' analysis, some of Defendants' vested options were "out of the money" and thus not realistically subject to sale. Moreover, Defendants' charts even classify as "holdings" and "shares retained" thousands of ***unvested*** shares and options to purchase shares.

There are still further problems with Defendants' submitted charts. The chart in paragraph 46

6

of the George Declaration is meant to show the percentage of shares "retained" for each of the Individual Defendants at the end of the Class Period. But assertions regarding "shares retained" are of little moment. *See Oxford*, 187 F.R.D. at 140 ("retention of a large position in the company … do[es] not vitiate insider trading liability ... where the defendant realized a profit of over $2 million"). Moreover, the chart is misleading. Specifically, the figures listed for each Defendant as "Total Holdings End Class Period" not only include shares that Defendants held at the beginning of the Class Period and did not sell, but also include employee stock options and restricted stock units ("RSUs") that vested or were awarded to each of the Individual Defendants during the Class Period. By mischaracterizing these vesting shares as "retained," even though Defendants did not possess them at the beginning of the Class Period, Defendants attempt to misleadingly prop up their post-Class Period holdings. For example, during the Class Period, Wheeler had over 50,000 options and RSUs vest, which are included in his "Total Holdings End Class Period" figure.

Finally, it appears that certain of the underlying Forms 4 submitted by Defendants contain factual inaccuracies, infecting Defendants' already-misleading charts with further errors. For example, certain of the Forms 4 omit 8,623 shares that Defendant Wheeler held at the start of the Class Period, which were not reported until February 7, 2018 (during the Class Period) with the filing of an amended Form 3. *See* ECF No. 25-44 at 16-19 (noting February 7, 2018 Form 3 amendment that increased reported shareholdings, and showing holdings rise by 8,623 otherwise unaccounted-for shares); A.O. Smith Corporation, Form 3 for Kevin J. Wheeler 1 (Feb. 7, 2018) (correcting Form 3 regarding pre-Class Period holdings, dated January 9, 2013). The charts in paragraphs 46 and 49 of the George Declaration fail to recognize and adjust for this error, thus under-calculating Defendant Wheeler's Class Period beginning holdings and over-stating his "Percentage Shares Retained" at the end of the Class Period. Because Defendants' charts are based on Forms 4 and proxy statements that

themselves contain errors, these and any other errors included in the Forms 4 and proxy statements (which were originally prepared by the Defendants themselves) run through Defendants' derivative calculations and render them similarly incorrect.

Defendants cite a number of cases in an effort to support their assertion that the Court should take judicial notice of Exhibits 37 to 44 and the charts in the George Declaration. These cases are, however, either inapposite or support the rejection of Defendants' position. For example, in *Riggs Partners, LLC. v. Hub Grp., Inc.*, 2002 WL 31415721, at *5 n.7 (N.D. Ill. Oct. 25, 2002), the court **refused** to take judicial notice of "stock purchases made by individual defendants as evidence tending to refute any motive to artificially inflate stock prices."[2]

## B. The Court Should Reject Defendants' Request To Incorporate By Reference Exhibits 37 To 44

The Forms 4 and proxy statements that Defendants submit as Exhibits 37-44 are not subject to incorporation by reference. The Seventh Circuit has described the scope of the incorporation by reference doctrine as "narrow" and "'aimed at cases interpreting, for example, a contract.'" *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002) (quoting *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998)). Indeed, the "incorporation by reference" doctrine is available only when the documents at issue were either explicitly referenced and relied upon by the Complaint or "the claim

---

[2] *Id*. at *5 n.7; *see also SEC v. Ustian*, 229 F. Supp. 3d 739, 763-64 (N.D. Ill. 2017) (taking judicial notice of a "summary chart," which did not reference insider stock sales, "but only to the extent the underlying documents are incorporated by reference in the complaint or permissibly considered under judicial notice"); *Garden City Emps. Ret. Sys. v. Anixter Int'l, Inc.*, 2011 WL 1303387, at *13-14 (N.D. Ill. Mar. 31, 2011) (holding that "the Court need not express at this time a definitive view on what aspects of the Forms 4 may be judicially noticed," and taking notice of stock price graph because, unlike here, plaintiffs "do not argue that the graph is inaccurate or misleading in any way, or explain how they will be prejudiced by the Court's consideration of the graph"); *Menominee Indian Tribe v. U.S. Dep't of Interior*, 2010 WL 4628916, at *4 & n.3 (E.D. Wis. Nov. 4, 2010) (non-securities fraud case where plaintiff's request for judicial notice did not include SEC filings); *Waterford Twp. Police v. Mattel, Inc.*, 321 F. Supp. 3d 1133 (C.D. Cal. 2018) (no discussion of insider stock sales and no indication that the court took notice of SEC filings relating to defendants' insider stock sales).

necessarily depend[s] on them." *Khoja*, 899 F.3d at 1002.

Lead Plaintiff's claim does not depend on Exhibits 37 to 44. And as Defendants themselves admit, the Forms 4, proxy statements, and charts were not quoted or even referenced in the Complaint. Motion at 2. In addition, whether these documents accurately reflect stock trading not alleged in the Complaint is a fact issue that is inappropriate for resolution on this motion to dismiss. *Khoja*, 899 F.3d at 1014 ("The incorporation-by-reference doctrine does not override the fundamental rule that courts must interpret the allegations and factual disputes in favor of the plaintiff at the pleading stage."); *My Health, Inc. v. Gen. Elec. Co.*, 2015 WL 9474293, at *4 (W.D. Wis. Dec. 28, 2015) (General Electric's website not incorporated by reference, even when complaint cites to website, because "the exception typically applies to references to specific, ***undisputed*** documents"); *Hospira*, 2013 WL 566805, at *13 (declining to incorporate Forms 4 by reference because "[w]hether or not Defendants bought or sold more Hospira stock over the Class Period is not determinative of whether Plaintiffs have adequately alleged scienter…, as *Tellabs* instructs courts to consider the allegations of scienter collectively"); *Kohl's*, 2015 WL 1478565, at *4-5 (refusing to incorporate Forms 4 by reference, and stating that although "[c]ertain allegations in the Amended Complaint may contain [facts] similar or identical to information within the Forms 4 submitted by defendants," "[n]othing in the Amended Complaint suggests that plaintiffs relied on the Forms 4 to form the basis of any claim"). Indeed, even though discovery has not yet begun, Lead Plaintiff has already identified factual errors in certain of the Forms 4 submitted by Defendants. *See supra* at 7.

If, however, the Court applies the incorporation-by-reference doctrine to consider Exhibits 37 to 44, or takes judicial notice of these documents, then Defendants' motion to dismiss should be converted into a motion for summary judgment. Defendants submit the materials solely to mount a "no scienter" defense. And as the *Khoja* court so aptly put it, "[s]ubmitting documents not mentioned

in the complaint to create a defense is nothing more than another way of disputing the factual allegations in the complaint, but with a perverse added benefit: unless the district court converts the defendant's motion to dismiss into a motion for summary judgment, the plaintiff receives no opportunity to respond to the defendant's new version of the facts." *Khoja*, 899 F.3d at 1003; *see Gavin v. AT & T Corp.*, 2004 WL 2260632, at *1 (N.D. Ill. Sept. 30, 2004) (converting motions to dismiss into motions for summary judgment because defendants filed documents, including proxy statements, that were "not … expressly referenced" in the complaint "and therefore … are beyond the scope of the pleadings").

## III. CONCLUSION

The Court should deny Defendants' Motion to Consider Documents Under the Incorporation-By-Reference Doctrine or By Judicial Notice as to Exhibits 37 to 44 and all data, statements, and other information in paragraphs 46 to 49 of the George Declaration. In the alternative, the Court should convert Defendants' motion to dismiss into a motion for summary judgment and permit Lead Plaintiff to take discovery.

Dated: April 3, 2020          Respectfully Submitted,

**SAXENA WHITE P.A.**

*/s/ David R. Kaplan*

David R. Kaplan (admitted *pro hac vice*)
Brandon Marsh (admitted *pro hac vice*)
12750 High Bluff Drive, Suite 475
San Diego, CA 92130
Tel: (858) 997-0860
Fax: (858) 369-0096
dkaplan@saxenawhite.com
bmarsh@saxenawhite.com

Steven B. Singer (*pro hac vice* forthcoming)
10 Bank Street, 8th Floor
White Plains, NY 10606
Telephone: (914) 437-8551

10

Facsimile: (888) 631-3611
ssinger@saxenawhite.com

Maya Saxena (*pro hac vice* forthcoming)
Joseph E. White, III (*pro hac vice* forthcoming)
Lester R. Hooker (*pro hac vice* forthcoming)
Brandon T. Grzandziel (*pro hac vice* forthcoming)
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Tel: (561) 394-3399
Fax: (561) 394-3382
msaxena@saxenawhite.com
jwhite@saxenawhite.com
lhooker@saxenawhite.com
brandon@saxenawhite.com

*Lead Counsel for the Class*

11

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on April 3, 2020, I electronically filed the foregoing with the Clerk

of Court using the CM/ECF system, which will send a notice of electronic filing to all registered users.

/s/ *David R. Kaplan*

12