# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

| | | |
|---|---|---|
| CITY OF BIRMINGHAM RETIREMENT AND RELIEF SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 2:19-CV-01198-LA |
| vs. | ) ) ) ) | |
| A. O. SMITH CORPORATION, AJITA RAJENDRA, KEVIN WHEELER, and JOHN KITA, | ) ) ) ) | |
| Defendants. | ) ) | |

### DEFENDANTS' REPLY IN SUPPORT OF
### MOTION TO CONSIDER DOCUMENTS UNDER THE
### <u>INCORPORATION-BY-REFERENCE DOCTRINE OR BY JUDICIAL NOTICE</u>

Date: May 8, 2020

FOLEY & LARDNER LLP
Bryan B. House, WI Bar No. 1022054
Andrew J. Wronski, WI Bar No. 1024029
Nathan D. Imfeld, WI Bar No. 1092934
777 East Wisconsin Street
Milwaukee, WI 53202
Telephone: (414) 271-2400
Facsimile: (414) 297-4900
bhouse@foley.com
awronski@foley.com
nimfeld@foley.com

LATHAM & WATKINS LLP
Sean M. Berkowitz (6209701 IL)
Nicholas J. Siciliano (6287387 IL)
Kathryn K. George (6306004 IL)
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
sean.berkowitz@lw.com
nicholas.siciliano@lw.com
kathryn.george@lw.com

*Attorneys for Defendants A. O. Smith Corporation, Ajita Rajendra, Kevin Wheeler, and John Kita*

# TABLE OF CONTENTS

Page

I.     INTRODUCTION ...................................................................................................1

II.    ARGUMENT.........................................................................................................2

      A.    Plaintiff Agrees the Court Should Consider Exhibits 1-36......................................2

      B.    The Court Should Consider Exhibits 37-44 and the Summary Tables....................3

      C.    Exhibits 37-44 and the Summary Tables Are Accurate...........................................6

III.    CONCLUSION......................................................................................................8

**Page(s)**

**CASES**

*Acito v. IMCERA Grp., Inc.*,
   47 F.3d 47 (2d Cir. 1995) ...................................................................................................... 7

*Alaska Elec. Pension Fund v. Asar*,
   768 F. App'x 175 (5th Cir. 2019) ........................................................................................ 3

*City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Waters Corp.*,
   632 F.3d 751 (1st Cir. 2011)................................................................................................. 6

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*,
   880 F. Supp. 2d 1045 (N.D. Cal. 2012) ............................................................................... 3

*City of Sterling Heights Gen. Emps.' Ret. Sys. v. Hospira, Inc.*,
   2013 WL 566805 (N.D. Ill. Feb. 13, 2013) ......................................................................... 4

*Constr. Laborers Pension Tr. v. Neurocrine Biosciences, Inc.*,
   2008 WL 2053733 (S.D. Cal. May 13, 2008)....................................................................... 4

*Cornelia I. Crowell GST Tr. v. Possis Med., Inc.*,
   519 F.3d 778 (8th Cir. 2008) ................................................................................................ 7

*Cozzarelli v. Inspire Pharm. Inc.*,
   549 F.3d 618 (4th Cir. 2008) ................................................................................................ 6

*DeMarco v. DepoTech Corp.*,
   149 F. Supp. 2d 1212 (S.D. Cal. 2001), *aff'd*, 32 F. App'x 260 (9th Cir. 2002)...................... 4

*Garden City Emps.' Ret. Sys. v. Anixter Int'l, Inc.*,
   2011 WL 1303387 (N.D. Ill. Mar. 31, 2011)............................................................. 1, 3, 4, 5

*Head v. NetManage, Inc.*,
   1998 WL 917794 (N.D. Cal. Dec. 30, 1998)........................................................................ 5

*In re Hain Celestial Grp. Inc. Sec. Litig.*,
   2020 WL 1676762 (E.D.N.Y. Apr. 6, 2020) ........................................................................ 2

*In re Netflix, Inc. Sec. Litig.*,
   2005 WL 1562858 (N.D. Cal. June 28, 2005)....................................................................... 3

*In re Openwave Sys., Inc.*,
   2008 WL 410259 (N.D. Cal. Feb. 12, 2008) ........................................................................ 4

Case 2:19-cv-01198-LA    Filed 05/08/20    Page 3 of 13    Document 33

*In re Silicon Graphics Inc. Sec. Litig.*,
183 F.3d 970 (9th Cir. 1999), *as amended* (Aug. 4, 1999) ................................................. 4, 6

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018) .................................................................................................. 2

*Magro v. Freeport-McMoran Inc.*,
2018 WL 3725781 (D. Ariz. Aug. 3, 2018) ............................................................................ 3

*Okla. Firefighters Pension & Ret. Sys. v. Ixia*,
2015 WL 1775221 (C.D. Cal. Apr. 14, 2015) ........................................................................ 5

*Pension Tr. Fund for Operating Eng'rs v. Kohl's Corp.*,
895 F.3d 933 (7th Cir. 2018) .................................................................................................. 6

*SEC v. Ustian*,
229 F. Supp. 3d 739 (N.D. Ill. 2017) ..................................................................................... 5

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
551 U.S. 308 (2007) ................................................................................................................ 4

*Wietschner v. Monterey Pasta Co.*,
294 F. Supp. 2d 1102 (N.D. Cal. 2003) ................................................................................. 5

## RULES

Fed. R. Evid. 1006 .................................................................................................................. 5

## I.  INTRODUCTION

Over the course of its ninety-page CC,[1] Plaintiff challenges nearly seventy statements made by Defendants.  Plaintiff agrees that the Court can consider the documents containing those statements, as well as the short-seller reports upon which Plaintiff's claims are based.  *See* Plaintiff's Opposition to the MTC (the "MTC Opp.," Dkt. No. 31) at 1 (agreeing that the Court can consider Exhibits 1-36).

Plaintiff objects to Exhibits 37-44—SEC Forms 4 and proxy statements identifying the Individual Defendants' stock transactions and holdings—claiming that these documents were not incorporated by reference and are not subject to judicial notice.  Plaintiff is wrong.  It asserts that the Individual Defendants' stock sales of $12 million during the over two-year Class Period support a "strong" inference of scienter.  The *only* place Plaintiff could find information about these stock sales is in the Forms 4 and proxy statements documenting the Individual Defendants' transactions and holdings.  *See Garden City Emps.' Ret. Sys. v. Anixter Int'l, Inc.*, 2011 WL 1303387, at *10 (N.D. Ill. Mar. 31, 2011).  Plaintiff does not even attempt to argue otherwise.  As a result, and as numerous courts have concluded when considering motions to dismiss securities class actions, Exhibits 37-44 are incorporated by reference in the CC, or at a minimum, are subject to judicial notice.  Plaintiff also argues that the tables summarizing the stock-holding information in the George Declaration (the "Summary Tables," Dkt. No. 25 ¶¶ 46-49) contain errors.  Plaintiff, again, is wrong.  The Tables summarize the Individual Defendants' stock transactions and holdings as reflected in two types of public filings—Forms 4 that are filed any time the Individual Defendant

---

[1] Capitalized terms not otherwise defined shall have the meaning ascribed to them in Defendants' Defendants' Memorandum of Law in Support of Motion to Consider Documents Under the Incorporation-By-Reference Doctrine or by Judicial Notice (the "Motion to Consider" or "MTC," Dkt. No. 27).

1

has an AOS stock transaction, and proxy statements which identify stock holdings once per year. Because this information is compiled at different times, it depicts different (yet still accurate) information. The Court should consider Exhibits 1-44 and the Summary Tables.

## II. ARGUMENT

### A. <u>Plaintiff Agrees the Court Should Consider Exhibits 1-36</u>

Plaintiff agrees that the Court should consider Exhibits 1-36—public filings, the short-seller reports, and other documents that are specifically referenced in the CC. MTC Opp. at 1. Plaintiff asserts, however, that the Court should not consider these documents for the "truth of the matter asserted," or to "contradict allegations in the Complaint." *Id.* But Plaintiff does not identify a single exhibit that Defendants submit to contradict a well-pled fact. Indeed, as Plaintiff's own case law makes clear, the incorporation-by-reference doctrine exists to prevent plaintiffs from cherry picking certain portions of documents and omitting other portions—a strategy Plaintiff employs repeatedly in the CC by quoting snippets of statements and leaving out the full context. *Compare, e.g.*, CC ¶¶ 126-27, 130, 133 (selectively quoting snippets of Defendants' statements) *with* App. Nos. 40, 42-43, 47, 53; *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (the incorporation-by-reference doctrine "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims").[2] To this end, the Court is not required to accept

---

[2] The *Khoja* court similarly held that "a court may assume [an incorporated document's] contents are true for purposes of a motion to dismiss under Rule 12(b)(6)," unless "assum[ing] the truth of an incorporated document" "only serve[s] to dispute facts stated in a well-pleaded complaint." *Khoja*, 899 F.3d at 1003 (internal citations omitted). As noted above, Plaintiff does not point to a single well-pled fact that any of the incorporated documents contradicts. *See In re Hain Celestial Grp. Inc. Sec. Litig.*, 2020 WL 1676762, at *11 (E.D.N.Y. Apr. 6, 2020) (where "the allegations of a pleading 'are contradicted by documents made a part thereof, the document controls and the court need not accept as true the allegations of the [pleading]'").

2

legal conclusions cast in the form of "facts." *See In re Netflix, Inc. Sec. Litig.*, 2005 WL 1562858, at *3 (N.D. Cal. June 28, 2005); *Magro v. Freeport-McMoran Inc.*, 2018 WL 3725781, at *3 (D. Ariz. Aug. 3, 2018) (rule regarding accepting well-pled factual allegations as true "does not apply" to legal conclusions).

### B. The Court Should Consider Exhibits 37-44 and the Summary Tables

Plaintiff alleges that the Individual Defendants' Class-Period and pre-Class-Period ("Control Period") stock sales—which it lists in the CC—support a "strong" inference of scienter. CC ¶ 157. This allegation requires consideration of the Individual Defendants' total stock holdings and transactions during the Control Period and Class Period, as well as the timing of the sales in comparison to the alleged misstatements and corrective disclosures. *See* Defendants' Motion to Dismiss (the "MTD," Dkt. No. 23) at 25-26. Put simply, by attempting to establish a strong inference of scienter through stock sales and holdings, Plaintiff has incorporated by reference the documents identifying those sales and holdings—i.e., Exhibits 37-44 (publicly filed Forms 4 and proxy materials). *See* MTC at 2-3 (citing cases); *Alaska Elec. Pension Fund v. Asar*, 768 F. App'x 175, 182 (5th Cir. 2019) (holding Forms 4 were incorporated by reference).

Plaintiff notes that it did not "quote" or "reference" these documents in the CC. MTC Opp. at 9. Tellingly, however, Plaintiff does not identify a single *other* source from which it obtained the trading data it cites in the CC. *Id.* Nor could it—the Forms 4 and proxy materials are "'the only source' of insider trading data available" to Plaintiff when drafting the CC. *Anixter,* 2011 WL 1303387, at *10; *see also City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1059 (N.D. Cal. 2012) ("[A]lthough Plaintiffs do not explicitly refer to Denholm's and Kriens' Forms 4 in the Amended Complaint, Plaintiffs' scienter and insider trading allegations do rely expressly on Denholm's and Kriens' stock sales, which is information disclosed to the public through Denholm's and Kriens' Forms 4 filed with the SEC.").

Plaintiff also objects that the exhibits create a defense to their "suspicious" stock-sales allegations.  MTC Opp. at 9-10.  But having raised questions about Defendants' stock sales in the CC through the Forms 4 and proxy statements, Plaintiff "can hardly complain" when Defendants refer to the same information in their motion to dismiss.  *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999), *as amended* (Aug. 4, 1999) (emphasis added).  Indeed, the Supreme Court has instructed that in determining whether Plaintiff has pled a strong inference of scienter at the pleading stage, the Court "*must* take into account plausible opposing inferences." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007) (emphasis added).

For these same reasons, Exhibits 37-44 are also subject to judicial notice under Rule 201—as courts have routinely held.  *Constr. Laborers Pension Tr. v. Neurocrine Biosciences, Inc.*, 2008 WL 2053733, at *7 (S.D. Cal. May 13, 2008) (taking judicial notice of defendants' Forms 4 filed with the SEC "before and during the class period," which "show defendants' stock sales during the class period are not suspicious based on the timing, the amount and percentages of shares sold, and the context of the sales"); *Anixter*, 2011 WL 1303387, at *11-13 (taking judicial notice of Forms 4 because they "are public documents"); *In re Openwave Sys., Inc.*, 2008 WL 410259, at *3 n.4 (N.D. Cal. Feb. 12, 2008) (granting judicial notice of Forms 4).[3]

The Court also should take judicial notice of the Summary Tables.  *See DeMarco v. DepoTech Corp.*, 149 F. Supp. 2d 1212, 1218 (S.D. Cal. 2001) (court may consider chart prepared by defendants' counsel collecting quotations from noticeable documents).  The Summary Tables

---

[3] Plaintiff's heavy reliance on *City of Sterling Heights General Employees' Retirement System v. Hospira, Inc.*, 2013 WL 566805 (N.D. Ill. Feb. 13, 2013), is misplaced.  There, the court explicitly stated it was not deciding whether the Forms 4 were incorporated by reference because the court's scienter decision turned on other allegations.  *Id.* at *13.  Here, by contrast, Exhibits 37-44 were incorporated by reference when Plaintiff detailed the Individual Defendants' stock sales in the Control Period and the Class Period.

identify "the documents from which the underlying data is derived," are based "exclusively on Forms 4 and Definitive Proxy Statements," and are "incorporated by reference" in the CC. *Okla. Firefighters Pension & Ret. Sys. v. Ixia*, 2015 WL 1775221, at *17 (C.D. Cal. Apr. 14, 2015). Courts frequently take judicial notice of similar tables in similar contexts. *SEC v. Ustian*, 229 F. Supp. 3d 739, 763-64 (N.D. Ill. 2017) ("Because defendants have submitted the underlying documents for consideration, the court declines to disregard the summaries, tables and charts."); *Anixter Int'l, Inc.*, 2011 WL 1303387, at *10 (considering tables and charts of Forms 4 stock sales); *Wietschner v. Monterey Pasta Co.*, 294 F. Supp. 2d 1102, 1116 n.7 (N.D. Cal. 2003) (taking notice of percentages of total holdings sold by insiders based on the Forms 4 and other SEC filings from which they were calculated); *Head v. NetManage, Inc.*, 1998 WL 917794, at *3 (N.D. Cal. Dec. 30, 1998) (it is "appropriate" to take judicial notice of documents showing total holdings and sales patterns); *see also* Fed. R. Evid. 1006 (The "content of voluminous writings . . . that cannot be conveniently examined in court" may be presented in the form of a "summary, chart, or calculation.").

Indeed, Plaintiff does not allege that the Forms 4, proxy statements, or Summary Tables incorrectly reflect the Individual Defendants' total Class Period sales. Nor could it, as these exhibits and Tables are in line with Plaintiff's own allegations. *Compare* George Decl. ¶¶ 47-49 *with* CC ¶ 157. Much like Exhibits 1-36, therefore, these exhibits and Tables do not contradict any well-pled facts. *See supra* at 2.

Instead, Plaintiff asks the Court to disregard these exhibits and accurate Tables in order to avoid the other pertinent information they identify, including (1) the percentage of AOS shares the Individual Defendants sold during the Class Period, and (2) the timing of those sales. Both factors are critical to determining whether the Class Period sales were "suspicious," as Plaintiff contends.

*See Pension Tr. Fund for Operating Eng'rs v. Kohl's Corp.*, 895 F.3d 933, 940 (7th Cir. 2018) (stock sales could not support scienter where plaintiff failed to plead facts showing percentage of defendants' holdings sold or timing of sales compared to corrective disclosures); MTD at 25-26. Plaintiff did not allege any facts about either factor in the CC, which alone is fatal to Plaintiff's "suspiciousness" claim. *See Kohl's*, 895 F.3d at 940. And it is no wonder—as demonstrated by the exhibits and Summary Tables, these factors directly contradict any claim of "suspiciousness."

### C.      Exhibits 37-44 and the Summary Tables Are Accurate

Plaintiff also argues that Exhibits 37-44 and the Summary Tables contain misclassifications and errors. MTC Opp. at 5-8. Plaintiff is wrong on both counts.

**Alleged Misclassifications**. As an initial matter, the Summary Tables do not contain any "misclassifications." *Id.* at 6-7. *First*, the Summary Tables properly classify the shares disposed of "to obtain funds to pay the withholding taxes due as a result of the vesting of the restricted stock units" as sales. Dkt. Nos. 25-42 at 4-5, 25-43 at 10-11. The Forms 4 explicitly characterize these shares as disposed of in an "open market or private sale" under the SEC's instructions, and Plaintiff does not cite any authority suggesting that these shares should be categorized differently. MTC Opp. at 6.

*Second*, the Summary Tables appropriately classify the Individual Defendants' exercisable and vested stock options and RSUs as retained holdings because "[a]ctual stock shares plus exercisable stock options represent the owner's trading potential *more accurately* than the stock shares alone." *Silicon Graphics*, 183 F.3d at 986-87 (emphasis added); *see also City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Waters Corp.*, 632 F.3d 751, 760-61 (1st Cir. 2011) ("In calculating the percent of holdings sold, however, it is appropriate to consider not only the shares of stock that Berthiaume and Ornell held prior to their sales, but also the shares that they could have sold through the exercise of options."); *Cozzarelli v. Inspire Pharm. Inc.,* 549 F.3d 618, 628

(4th Cir. 2008) (considering both shares and vested stock options in determining the significance of a sale); *Cornelia I. Crowell GST Tr. v. Possis Med., Inc.,* 519 F.3d 778, 783 (8th Cir. 2008) (same); *Acito v. IMCERA Grp., Inc.,* 47 F.3d 47, 54 (2d Cir. 1995) (same).

*Third*, Plaintiff argues that "some" of Defendants' options were "out of the money," but fails to identify which or how many options fall into this category—much less how, if at all, this changes the fact that the Individual Defendants held the large majority of their AOS shares during the Class Period. MTC Opp. at 6.

*Fourth*, the Summary Tables' inclusion of unvested shares and options in summarizing the Forms 4 does not render the Tables any less informative. The Individual Defendants filed Forms 4—which identify both unvested and vested stock holdings—any time they sold shares. The proxy statements, on the other hand, list the Individual Defendants' stock holdings (and include only vested shares and options) once per year on a particular date. Defendants presented *both* sets of information in the Summary Tables to identify the Individual Defendants' holdings at all relevant points in time. Dkt. No. 25 at ¶¶ 46-49. Both the summaries of the Forms 4 (which include unvested holdings) and the proxy statements (which include only vested holdings) show that the Individual Defendants retained a large majority of their AOS holdings during the Class Period— which undermines Plaintiff's assertion that Defendants' Class Period stock sales were "suspicious." MTD at 25-26 (citing cases).

**Alleged Errors**. Plaintiff's assertion that the Summary Tables and Forms 4 contain errors (MTC Opp. at 7-8) also lacks merit. Plaintiff only identifies one supposed error—an alleged omission of 8,623 shares of Wheeler's stock held at the start of the Class Period. *Id.* However, as the Opposition concedes, a subsequent Form 4 accounted for this amount in calculating and reporting Wheeler's total holdings, making the cumulative effect of these filings (and the Summary

7

Table based on them) correct. *Id.* at 7 (citing February 13, 2018 Form 4 (Dkt. No. 25-44 at 18-19)). Plaintiff is simply incorrect that the Summary Tables do not account for these shares. As demonstrated in Paragraph 49 of the George Declaration (copied in relevant part below), the February 9, 2018 disposal of 2,165 shares resulted in a net *increase* of 6,458 shares in Wheeler's holdings to account for the previous 8,623-share omission. Dkt. No. 25 at ¶ 49.

| Date | Gift | Withholding/ In Kind | Shares Sold | Total | Price | Proceeds | Total Holdings |
|---|---|---|---|---|---|---|---|
| Class Period Transactions | | | | | | | |
| 12/6/17 | 0 | 0 | 13,293 | 13,293 | $61.49 | $817,405.18 | 107,438 |
| 2/9/18 | 0 | 2,165 | 0 | 2,165 | $60.11 | $130,138.15 | 113,896 |

As the Summary Table identifies, Wheeler's total holdings increased from 107,438 to 113,896 (or by 6,458 shares) after the disposal of 2,165 shares. This accounts for the 8,623 shares Plaintiff says were omitted: $8,623 - 2,165 = 6,458$. This supposed "error" thus was accounted for in the Form 4, and correctly summarized in the Summary Tables.

## III.    CONCLUSION

For the foregoing reasons and those in the Motion to Consider, Defendants respectfully request that the Court consider all documents, tables, and calculations attached to and contained in the George Declaration.

8

Date: May 8, 2020

Respectfully submitted,

 */s/ Sean M. Berkowitz*
Sean M. Berkowitz (6209701 IL)
Nicholas J. Siciliano (6287387 IL)
Kathryn K. George (6306004 IL)
LATHAM & WATKINS LLP
sean.berkowitz@lw.com
nicholas.siciliano@lw.com
kathryn.george@lw.com
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767

FOLEY & LARDNER LLP
Bryan B. House, WI Bar No. 1022054
Andrew J. Wronski, WI Bar No. 1024029
Nathan D. Imfeld, WI Bar No. 1092934
777 East Wisconsin Street
Milwaukee, WI 53202
Telephone: (414) 271-2400
Facsimile: (414) 297-4900
bhouse@foley.com
awronski@foley.com
nimfeld@foley.com

*Attorneys for Defendants A. O. Smith Corporation,
Ajita Rajendra, Kevin Wheeler, and John Kita*